LIVIO MARINELLI *vs.* BOARD OF APPEALS OF STOUGHTON & another.[1] No. 04-P-960. December 30, 2005. *Zoning,* By-law, Exemption, Lot size.

In *Marinelli* v. *Board of Appeals of Stoughton,* 440 Mass. 255, 258-259 (2003), the court decided that, under the second sentence of the fourth paragraph of G. L. c. 40A, § 6, the owner of six lots held in common and shown on a recorded plan could claim grandfather exemption for three lots from a zoning bylaw amendment that had increased the minimum lot size from 25,000 square feet to 40,000 square feet. The pertinent sentence in § 6 provides:

> "Any increase in area . . . requirement of a zoning ordinance or by-law shall not apply for a period of five years from [the] effective date [of the zoning code change] . . . to a lot for single and two family residential use, provided the plan for such lot was recorded or endorsed and such lot was held in common ownership with any adjoining land and conformed to the existing zoning requirements as of [January 1, 1976] . . . *provided further that the provisions of this sentence shall not apply to more than three of such adjoining lots held in common ownership*" (emphasis supplied).

G. L. c. 40A, § 6, inserted by St. 1979, c. 106.

On remand from the Supreme Judicial Court, the Land Court judge ordered entry of a judgment declaring that lots B and C shown on Marinelli's recorded plan were lots that could be built upon. A building permit had been granted, without opposition or appeal, for a house on lot A. That made three lots. With three lots — the limit allowed by § 6 — grandfathered, the Land Court judge, in her amended judgment after remand, also declared that lot D shown on the plan was "not a buildable lot under G. L. c. 40A, § 6 or the [] Stoughton By-law." It is from the portion of the amended judgment pertaining to lot D that Marinelli brings this appeal.

---

[1]Town of Stoughton.

Marinelli argues that Stoughton's zoning bylaw contains a more generous grandfather provision that legitimizes lot D. A municipal zoning code's more generous grandfather provision can, indeed, trump the grandfather provisions in G. L. c. 40A, § 6, because the municipality may, in the first instance, provide for smaller lot sizes in certain districts or in certain prescribed circumstances. See *Lee* v. *Board of Appeals of Harwich*, 11 Mass. App. Ct. 148, 154 (1981). The provision in the Stoughton zoning bylaw on which Marinelli focuses is § IX C. The language of § IX C substantially repeats the grandfathering language of a predecessor version of G. L. c. 40A, § 6. See G. L. c. 40A, § 5A, as appearing in St. 1958, c. 492, repealed by St. 1975, c. 808, § 3. Section IX C of the Stoughton bylaw provides for the grandfathering of a lot of record meeting certain conditions. It concludes with the requirement that the lot "is otherwise in accordance with the provisions of Section 5A of the Zoning Act. (Now section 6 . . . of the Zoning Act)."

Marinelli interprets the concluding phrase as superseding the three-lot limit of § 6 and rendering lot D buildable because it conformed with the minimum lot size requirement in effect in Stoughton when the plan depicting lot D was recorded. There are two flaws in that position. First, the words "otherwise in accordance with . . . section 6" sweep in the three-lot limitation that § 6 contains; and second, if a municipal zoning code purports to establish more generous grandfather provisions than those contained in § 6, it must do so expressly.

*Judgment affirmed.*

*Thomas O. Moriarty* for the plaintiff.
*Barbara J. Saint André* for the defendants.