NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

16-P-678                                      Appeals Court


ALEXANDER C. KOINES & another[1]  vs.  ZONING BOARD OF APPEALS OF COHASSET & others.[2]


No. 16-P-678.      February 21, 2017.


Zoning, Nonconforming use or structure, Lot size, Exemption, Judicial review.  Real Property, Merger.


The plaintiffs appeal from a judgment of the Land Court that affirmed a decision of the defendant zoning board of appeals of Cohasset (board) based on a conclusion that the board correctly interpreted the Cohasset zoning by-law to afford grandfather protection to a lot owned by the defendants John and Martha Shaw.  We affirm.

At issue in the case is section 8.3.2(c) of the by-law, the language of which is set out in the margin.[3]  The Shaws' lot, containing approximately 21,850 square feet, is located in an

---

[1] Stephen J. Crummey.

[2] John and Martha Shaw.

[3] Section 8.3.2(c) of the by-law specifies that a lot that does not meet the otherwise specified dimensional requirements of the by-law nonetheless is eligible for a building permit if:

"2.  Such lot, on or before the effective date of the requirements in question:

. . .

R-C district in which the minimum lot size is 60,000 square feet.  The current minimum lot size results from an increase enacted by amendment to the by-law in 1985, at a time when the Shaws' lot was held in common ownership with several parcels of adjacent land.  The lot accordingly plainly meets the literal linguistic requirements of the second portion of section 8.3.2(c) as applicable to lots in the R-C district.

The plaintiffs nonetheless contend that the board erroneously interpreted the by-law to afford grandfather protection to the lot by virtue of the common law doctrine of merger.  Under that doctrine, a lot held in separate ownership at the time an increase in area renders it nonconforming and thereby entitled to grandfather protection under the fourth paragraph of G. L. c. 40A, § 6, loses grandfather protection if it thereafter comes into common ownership with adjoining land.  See Preston v. Board of Appeals of Hull, 51 Mass. App. Ct. 236, 243 (2001).  As the plaintiffs observe, this court reached its conclusion in Preston despite the fact that the lot at issue met the literal linguistic requirements set forth in the statute, resting its conclusion on the fact that the Legislature, though presumptively aware of the preexisting and well-established merger doctrine at the time it enacted § 6, did not evince a clear intent to alter the common law.  See id. at 240, 243.

The present case stands differently since we are presented with an enactment of the Cohasset town meeting, construed by the local zoning board of appeals charged with its administration.[4] In general, a reviewing court grants "substantial deference to an interpretation of a statute by the administrative agency

> "c.  Was, on said effective date, held in ownership separate from that of adjoining land, or if held in ownership the same as that of adjoining land, had an area of not less than:  a.  9,000 square feet in R-A district; b.  15,000 square feet in R-B district; [or] c.  20,000 square feet in R-C district."

[4] The plaintiffs acknowledge that the town may adopt a more generous grandfather protection than provided by G. L. c. 40A, § 6 (though if it does it must do so expressly).  See Marinelli v. Board of Appeals of Stoughton, 65 Mass. App. Ct. 902, 903 (2005).  By specifically directing the protection afforded by section 8.3.2(c) to lots held in common ownership at the time of the zoning change that renders them nonconforming, the by-law in the present case expressly affords more generous protection than § 6.

charged with its administration."  Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 618 (1997).  The principle of deference to the interpretation by an administrative agency carries even greater force in the area of zoning, by reason of "a local zoning board's home grown knowledge about the history and purpose of its town's zoning by-law."  Duteau v. Zoning Bd. of Appeals of Gloucester, 47 Mass. App. Ct. 664, 669 (1999).  See Wendy's Old Fashioned Hamburgers of New York, Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 381 (2009).  The board's interpretation of section 8.3.2(c) is entirely consistent with the language of the by-law.  Moreover, unlike the provision of G. L. c. 40A, § 6, at issue in Preston, supra, the by-law provision in the present case specifically is directed to protect lots meeting specified criteria, despite being held in common ownership with adjacent land that would, under ordinary common law merger principles, cause the commonly owned lots to merge together.  Accordingly, an interpretation that the Shaws' lot is entitled to grandfather protection under § 8.3.2(c) of the by-law is faithful to the evident purpose of the provision -- or at least a reasonable board could so conclude.  In the circumstances, we see no cause to disturb the board's reasonable interpretation of the by-law it is charged to administer.

Judgment affirmed.


Jason R. Talerman for the plaintiffs.
Kate Moran Carter for John Shaw and another.
Kimberly M. Saillant for Cohasset Zoning Board of Appeals.